IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RAMELLI WASTE, LLC, ET AL. | § | |
| | § | |
| VS. | § | ACTION NO. 4:15-CV-129-Y |
| | § | |
| HALLMARK SPECIALTY INSURANCE | § | |
| COMPANY, INC., ET AL. | § | |

## ORDER GRANTING SPECIALTY'S MOTION TO DISMISS

Pending before the Court is the First Motion to Dismiss filed by defendant Specialty Risk Associates, Inc. ("Specialty")(doc. 48). In the motion, Specialty seeks dismissal of Plaintiffs' claims against it under Rule 12(b)(6) on the grounds that they are barred by the applicable statute of limitations. In their response to that motion, Plaintiffs seek leave to amend their complaint to invoke the discovery rule.[1] After review of the motion, the parties' briefs, and the applicable law, the Court concludes that the motion to dismiss should be granted, and Plaintiffs' request for leave to amend is denied.

The Court concludes that leave to amend should be denied because the proposed amendment--which would assert the discovery rule in response to Specialty's statute-of-limitations defense--is futile. For the discovery rule to defer the normal accrual of a cause of action, a plaintiff must plead and prove that "the nature of the injury [was] inherently undiscoverable." *Barker v. Eckman*, 213 S.W.3d 306, 312 (Tex. 2006); *see also Via Net v. TIG Ins. Co.*, 211 S.W.3d

---

[1] The discovery rule "is a plea in confession and avoidance," and as a result, a party seeking to avail itself of the rule must "plead the rule, either in its original petition or in an amended or supplemented petition in response to the defendant's assertion of the defense as a matter in avoidance." *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517-18 (Tex. 1988).

310, 313 (Tex. 2006) ("Normally a cause of action accrues when a wrongful act causes some legal injury. . . . But accrual may be deferred if the nature of the injury incurred is inherently undiscoverable"). "An injury is not inherently undiscoverable when it is the type of injury that could be discovered through the exercise of reasonable diligence." *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 66 (Tex. 2011). In order to benefit from the rule, Plaintiffs must prove that their injuries were inherently undiscoverable. *See Via Net*, 211 S.W.3d at 313; *see also Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988) ("The party seeking to benefit from the discovery rule must also bear the burden of proving and securing favorable findings thereon."). The rule is only applied to "exceptional cases to avoid defeating the purposes behind the limitations statutes." *Id.* at 314; *see also Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996) ("The discovery rule, in application, proves to be a very limited exception to statutes of limitation.").

According to Plaintiffs' September 2, 2015 First Amended Complaint, which first named Specialty as a defendant, the policy of insurance at issue in this litigation was issued by defendant Hallmark Specialty Insurance Company, Inc. ("Hallmark"), on November 1, 2011. (Pls.' First Am. Compl. (doc. 38) 5, ¶16.) Specialty was authorized to bind coverage and issue required endorsements for Hallmark. (*Id.* at 4, ¶ 13.) Plaintiffs' subcontractor, Red K Contracting ("RKC"), applied for Hallmark's insurance through Specialty, specifically listing plaintiff Ramelli Waste, LLC

("Ramelli"), as an additional insured on the application. (*Id.* ¶¶ 11-12.) RKC's contract with Ramelli required that Ramelli be listed as an additional insured under RKC's insurance policies. Plaintiffs now claim that Specialty "breached its duty by failing to issue an endorsement specifically naming Ramelli Waste as [an] additional insured upon receipt of a commercial insurance application requiring that Ramelli Waste be [an] additional insured under RKC's Policy." (Pls.' First Am. Compl. (doc. 38) 28, ¶157.)

Plaintiffs contend that Specialty's alleged failure to issue the proper endorsement was "only discovered *during the instant litigation* against Hallmark." (Pls.' Resp. to Specialty's Mot. to Dismiss (doc. 63) 1.) Plaintiffs contend that Hallmark did not inform them that it did not write "blanket additional insureds . . . on auto policies" until July 9, 2015. (*Id.* at 5.) But Plaintiffs wholly fail to explain why they could and should not have discovered this alleged error much sooner with the exercise of reasonable diligence. Plaintiffs complain that Specialty ignored a subpoena seeking documents related to the policy at issue, but they admit that they did not issue that subpoena until May 2015. (*Id.* at 4.) Plaintiffs wholly fail to allege any steps they took at the time the policy was issued to ensure that they were properly listed as additional insureds under the policy. *See Via Net*, 211 S.W.3d at 314 ("Due diligence may include asking a contract partner for information needed to verify contractual performance."). As a result, Plaintiffs have failed to demonstrate that their injury was inherently undiscoverable. Leave to amend to assert the discovery rule is therefore futile and should

be denied.

As noted in Specialty's motion to dismiss, Plaintiffs assert what appears to be a negligence claim against Specialty, which is governed by a two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 750 (Tex. 1990) ("negligence claims . . . must be brought "not later than two years after the day the cause of action accrues") (quoting § 16.003(a)). Because the discovery rule is inapplicable here, the claim accrued "when a wrongful act cause[d] an injury." *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998). At the latest, the alleged injury here occurred when Hallmark's policy issued without Ramelli's having been named as an additional insured. According to Plaintiffs' complaint, that occurred on November 1, 2011. Plaintiffs' claims against Specialty were initially asserted in their First Amended Complaint filed on September 2, 2015, almost four years later. Those claims are therefore time barred. As a result, Specialty's Motion to Dismiss is GRANTED, and Plaintiffs' claims against Specialty are DISMISSED WITH PREJUDICE to their refiling.

SIGNED June 9, 2016.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE